IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GARY SPARKS,**

    **Petitioner,**

    **v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

Case No. 13-20082

**MEMORANDUM & ORDER**

At a three-day jury trial in November 2013, pro se petitioner Gary Sparks was tried and convicted of witness tampering under 18 U.S.C. § 1512(b)(1). Eventually, the court sentenced him to thirty-six months in prison plus two years of supervised release. (Doc. 51 at 2–3.) Petitioner appealed his conviction to the Tenth Circuit, and his conviction was affirmed on July 20, 2015. (Doc. 69.) Currently before the court are petitioner's pro se Motion to Vacate, Set Aside, or Amend Sentence Under 28 U.S.C. § 2255 filed October 13, 2015, (Doc. 70) and Motion to Appoint Counsel (Doc. 85). Petitioner states one ground for habeas relief from his sentence—ineffective assistance of counsel. Specifically, petitioner claims that counsel failed to interview witnesses or investigate exculpatory evidence and otherwise did no preparation for trial; failed to present any evidence or witnesses at trial; and failed to negotiate an acceptable plea for defendant or advise him regarding the plea he was offered. For the reasons described below, petitioner's motions are denied without an evidentiary hearing.

**I. Background**

On July 31, 2013, a grand jury charged petitioner with tampering with a witness, victim, or an informant in violation of 18 U.S.C. §§ 2, 1512(b)(1). Petitioner was represented by court-appointed

attorney James R. Campbell. Petitioner's jury trial took place from November 19–21, 2014. The jury convicted petitioner of the witness-tampering charge. On May 20, 2014, the court sentenced petitioner to thirty-six months imprisonment to be followed by a two-year term of supervised release.

**II. Motion to Vacate**

"[F]undamental fairness is the central concern of the writ of habeas corpus. . ." *Strickland v. Washington*, 466 U.S. 668, 697 (1984). In *Strickland*, the United States Supreme Court explained that "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. This is because the Sixth Amendment right to counsel is meant to "ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding." *Id.* at 691–692.

For petitioner to succeed on his claim that counsel's assistance was ineffective, he must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id.* at 687. The first step requires petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The second step "requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable." *Id.* If petitioner fails to make either of these two showings, he will not have succeeded in showing his conviction "resulted in a breakdown in the adversary process" rendering his conviction unreliable. *Id.*

To show deficient performance, petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. This is defined as reasonably effective assistance "under prevailing professional norms." *Id.* The court considers counsel's performance under all of the circumstances and is highly deferential, because "[i]t is all too tempting for a defendant to second-

guess counsel's assistance after conviction . . . and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to concluded that a particular act or omission of counsel was unreasonable." *Id.* at 689.  Petitioner must point to counsel's specific acts or omissions he claims to be outside the scope of reasonable professional judgment and overcome the presumption that counsel's actions were sound trial strategy. *Id.* at 689–690.  To do so, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### A. Petitioner fails to show ineffective assistance during pretrial investigations

First, petitioner claims that counsel was deficient because counsel did not interview witnesses prior to trial or subpoena them for trial.  (Doc. 70 at 5.)  Petitioner states that "he presented defense counsel a list of twelve witnesses who would have been helpful in his defense and not one of these witnesses were issued a subpoena or even formally interviewed by the defense." (*Id.*)  He states that he provided counsel with "exculpatory evidence" and that counsel did "no preparation whatsoever in the trial." (*Id.* at 4.)

"Counsel has a duty to conduct a reasonable investigation for mitigating evidence or to make a reasonable decision that particular investigation is unnecessary." *James v. Gibson*, 211 F.3d 543, 557 (10th Cir. 2000).  Petitioner's claim fails because he does not support these allegations with facts.  And the record before the court contradicts petitioner's allegations that counsel "did nothing" to prepare for trial.  Petitioner does not provide the identity of these twelve witnesses who would have testified on his behalf and he does not explain what their testimony would have been at trial.  Nor does he show a reasonable probability that their testimony, if presented, would have resulted in the trial turning out differently.

Instead, petitioner generally argues that counsel's trial preparation was deficient without explaining how it fell outside the wide range of professionally competent assistance. Counsel affirms that he contacted and subpoenaed witnesses, discussed potential witnesses with petitioner, determined that some listed witnesses were government witnesses, and that counsel, with defendant's consent, decided that other witnesses' testimony was either inadmissible or that the nature of their testimony was likely not helpful to the defense. (Doc. 72-1 at 5–8.)

Petitioner offers no evidence to overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The court has no way of evaluating whether the witnesses or evidence petitioner describes had a reasonable probability of changing the outcome of his case because he does not give any details about the alleged "helpful" witnesses or exculpatory evidence. Counsel states that to the best of his memory the witnesses defendant listed were:

- Kevin Ludwig, the father of petitioner's granddaughter with whom petitioner was convicted of tampering. He was called by the government and cross examined by defense counsel;

- Penny Hargett, petitioner's ex-wife, who was subpoenaed by defense counsel, called by the government, and cross examined by defense counsel;

- Penny Hargett's mother;

- Austin McCollum, one of petitioner's grandsons, who was subpoenaed by defense counsel and was present at trial. Counsel decided his testimony would not be helpful;

- One of defendant's other grandsons; and

- Three or four members of the community who would testify as to petitioner's reputation in the community. Defense counsel affirms that he explained that these individuals' testimony would have been inadmissible and therefore unhelpful to the defense.

Petitioner provides no additional information or argument about these witnesses. The court finds that petitioner has not established either step in proving ineffective assistance of counsel with

regard to trial preparation—that counsel's performance was deficient or that the defense was prejudiced.

### B. Petitioner fails to show ineffective assistance at trial

Petitioner next claims that counsel's representation was deficient at trial because petitioner "continually pressure[d] defense counsel to do something in the case to present his argument to the jury . . . ." (Doc. 70 at 4–5.) He suggests that "[d]efense counsel was merely present during the proceedings. His lack in presenting any evidence, witnesses or defense meets all criteria in Strickland and at a minimum an evidentiary hearing is appropriate in the case at bar." (*Id.*)

Again, petitioner's argument regarding counsel's representation at trial is general. He does not explain how counsel's representation at trial was deficient. He does not describe what evidence counsel should have presented; how he was prejudiced by that evidence not being presented; and he does not provide specific facts that, if presented, would have had a reasonable probability of producing a different outcome at trial.

First, the court notes that petitioner did in fact testify at trial. (Doc. 65 at 308–374.) It is therefore incorrect that no evidence or witnesses were presented. And petitioner states that "counsel conducted a perfunctory cross examination" but does not suggest how counsel's performance was deficient or prejudiced the defense. Counsel did not call other witnesses because he made the tactical decision that their testimony would not aid the defense. (Doc. 72-1 at 8.) Whether to call witnesses to testify is considered trial strategy, *United States v. Walters*, 333 F. Supp. 2d 1022, 1030 (D. Kan. 2004), and petitioner fails to overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or to demonstrate petitioner was prejudiced by counsel's representation in any way.

### C. Petitioner fails to show ineffective assistance during plea negotiations

Petitioner's final argument relates to counsel's representation during plea negotiations. Petitioner claims that "[i]t should be noted that the government did make a plea of 2 years' [sic] probation in this case. Defense counsel did not negotiate this with the government it was presented to the defense as a plea and no further negotiation occurred." (Doc. 70 at 6.)  Petitioner alleges that counsel did not advise him "and did nothing more than appraise[] Sparks that the government made the offer." (*Id.*)  When petitioner asked counsel what his opinion was, counsel allegedly responded "I would not take it but that is your call not mine." (*Id.*)  Petitioner suggests that "[c]ompetent counsel and a moral man would have attempted some resolution wherein a man of spark's background, medical condition, and the circumstances in the case were considered and no prison term occurred." (*Id.*)  And petitioner suggests that "[c]ounsel had the opportunity to avoid all of this by negotiating some plea and properly advising defendant." (*Id.*)  Petitioner suggests that if he had known that his counsel did not intend to "present any evidence whatsoever" at trial, he would have "insisted that the first plea be accepted." (*Id.* at 7.)

In his reply brief, petitioner adds that defense counsel's representation was deficient because he did not investigate whether petitioner was competent.  (Doc. 73 at 4.)  Petitioner claims he was depressed and taking medication during plea discussions and was therefore incompetent.  (*Id.* at 2–5.)  Petitioner did not raise this argument until his reply brief.  The court therefore considers it waived and will not consider it.  *United States v. Herget*, 585 F. App'x 948, 950 (10th Cir. 2014).  Even if the court did address this argument on the merits, petitioner did not demonstrate a reasonable probability that he would have accepted the plea but for counsel's alleged errors.

Counsel affirms that he did present petitioner with the government's proposed diversion agreement and explained the sentencing guidelines and potential penalties for conviction in the case.

(Doc. 72-1 at 5.)  Counsel asserts that he recommended that petitioner take the diversion or plea agreement on at least three occasions but that defendant declined, stating that petitioner said he "would rather go to prison than [sic] admit to something he didn't do."  (*Id.* at 5–7.)

To show prejudice in the context of a rejected plea offer, petitioner must demonstrate that there was a reasonable probability that but for counsel's ineffective assistance, he would have accepted a pretrial plea and pleaded guilty.  *United States v. Wright*, No. 12-2199-KHV, 2013 WL 491935, at *2 (D. Kan. Feb. 7, 2013).  The government's offer in this case required petitioner to stipulate to certain facts.  Petitioner has not put forth argument or facts suggesting that he would have admitted those facts during plea negotiations or at any time.  In fact, counsel affirms that petitioner said he would rather go to prison than admit to something he didn't do and at trial he maintained that he did not tell "[his granddaughter] to lie about the big important stuff."  (Doc. 65 at 240.)  "A defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer."  *Sanders v. United States*, 341 F.3d 720, 723 (8th Cir. 2003).  Petitioner has not shown that counsel's representation during plea negotiations was deficient or that it prejudiced his case.

The court declines to hold an evidentiary hearing.  "In response to a § 2255 motion, the district court must hold an evidentiary hearing on the prisoner's claims unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."  *United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996).  Here, petitioner's motion and the record conclusively show that petitioner is not entitled to relief.  Petitioner's arguments are conclusory and lack supporting facts.  It is petitioner's burden to show that counsel's deficient representation was so serious that his trial was

unfair.  He alleges no facts regarding prejudice to his case that, if proven, would warrant relief from his sentence.  His motion is therefore denied without a hearing.

### II. Motion to Appoint Counsel

Petitioner's motion to appoint counsel is denied.  The court may at any time appoint counsel when "the interests of justice so require."  18 U.S.C. § 3006A.  Petitioner's request provides no basis for appointment.  He states simply that the "filings demonstrate that the interest of justice require appointment of counsel," asking that the court "take judicial notice of all current filings in support of [his] motion" and noting that "he is unable to proceed any further with those issues currently pending by himself without the assistance [sic] of counsel." (Doc. 85 at 2.)  Petitioner's arguments are not unusually complex legally or factually and the record does not suggest that further fact discovery would be fruitful.  Based on the record before the court, trial counsel prepared for trial, interviewed and subpoenaed witnesses, cross-examined witnesses at trial, and presented petitioner with the government's proposed plea agreement while explaining the potential implications of rejecting it.  Petitioner's motions are therefore denied.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 70) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion to Appoint Counsel (Doc. 85) is denied.

Dated August 15, 2016, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**