**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**GARY SPARKS,** )<br>**Defendant.** )<br>) | **Case No. 13-20082-01** |

**MEMORANDUM AND ORDER**

This closed criminal case is before the court on defendant's Petition to Alter or Amend Judgment Pursuant to the Federal Rule of Civil Procedure 59(e) (Doc. 87). The order defendant asks the court to alter or amend is one denying defendant's motion for relief under 28 U.S.C. § 2255.

If a habeas petitioner files a Rule 59(e) or Rule 60(b) motion, the court must first examine whether the motion is a true motion to alter or amend judgment or for relief from judgment. *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) ((discussing Rule 59(e)); *Spitnas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (applying Rule 60(b)). The motion may actually be a second or successive petition. The question is whether the motion: (1) "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction"; or (2) challenges one of the court's procedural rulings that precluded resolution of the habeas petition on its merits; or (3) challenges "a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitnas*, 464 F.3d at 1215–16. Motions falling under the first category should be treated as second or successive petitions. Motions falling under the second or third category are treated as any other Rule 59(e) or 60(b) motion.

If the court finds that defendant's motion is actually a second or successive petition, then it treats it accordingly, referring the matter to the Tenth Circuit for authorization if "it is in the interest of justice to do so." *Id.* at 1217; *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). If the motion is "mixed," the court will also take mixed action: treating the Rule 59(e) or 60(b) portions as such, and forwarding the remainder to the Tenth Circuit for authorization if appropriate. *Id.*

Defendant argues in his motion that the court should reopen his case to consider affidavits that support his claim of ineffective assistance. He further claims that the court erred in its ruling on defendant's § 2255 motion. Specifically, defendant contends that the court erroneously considered a claim waived, denied him an evidentiary hearing, and failed to issue a certificate of appealability.

These arguments reassert a basis for relief from defendant's conviction. The challenges would lead "inextricably to a merits-based attack on the disposition of [his] prior habeas petition." *Spitnas*, 464 F.3d at 1216. Defendant is not merely challenging a procedural ruling or a defect in the integrity of the proceeding. Instead, he asks the court to review his request for habeas relief. For these reasons, the court determines that defendant's motion is properly construed as a second or successive petition.

Even if defendant's argument that the court erroneously considered a claim waived could be considered a procedural challenge, the court addressed the claim despite finding it waived. The court held that it would have denied relief in any event because defendant did not "demonstrate a reasonable probability that he would have accepted the plea but for counsel's errors." (Doc. 86, at 6.) The court's procedural ruling, therefore, did not preclude resolution of the habeas petition on its merits.

Likewise, to the extent that defendant's criticism of the court's failure to issue a certificate of appealability can be considered an assertion of a defect in the integrity of the habeas proceeding, the court finds that it does not merit relief under Rule 59(e). The court did not specifically grant or deny a certificate of appealability in its § 2255 order, but this oversight does not impact the integrity of the

habeas proceeding.  To the contrary, when a district court neglects to address the issue of a certificate of appealability, the Tenth Circuit has previously deemed the certificate denied.  *See United States v. Kennedy*, 225 F.3d 1187, 1193 n.3 (10th Cir. 2000).  It appears that the Circuit may now begin ordering a limited remand to the district court to grant or deny a certificate in the first instance.  *See United States v. Higley*, No. 17-1111, at *6–7 (10th Cir. Sept. 29, 2017) (unpublished).  To the extent that the court did not explicitly hold earlier, the court now holds that defendant did not make a substantial showing of the denial of a constitutional right.  The court denies a certificate of appealability as to the original § 2255 motion.  This decision, however, does not merit Rule 59(e) relief.

Under 28 U.S.C. § 2255, federal prisoners seeking to file a second or successive motion must first obtain authorization from the court of appeals before the district court can consider the motion.  *In re Cline*, 531 F.3d at 1250.  To obtain authorization, the defendant must demonstrate that the motion is based on a new constitutional rule or on newly discovered evidence.  *United States v. Lara-Jiminez*, 377 F. App'x 820, 822 (10th Cir. 2010); 28 U.S.C. § 2255(h).  When a second unauthorized § 2255 motion is filed, the court has discretion in determining whether to transfer the action to the circuit court or dismiss the action without prejudice.  *See In re Cline*, 531 F.3d at 1251; *see also* 28 U.S.C. § 1631.

The Tenth Circuit has provided guidance on determining when a transfer would be in the interest of justice.  *In re Cline*, 531 F.3d at 1251. "A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h)." *Lara-Jiminez*, 377 F. App'x at 822 (citing *In re Cline*, 531 F.3d at 1252).  Section 2255(h) identifies two situations in which a second or successive motion is certifiable: (1) certain newly

discovered evidence exists; or (2) certain new rules of constitutional law have been announced.[1]  While defendant asks the court to consider new evidence, the affidavits submitted are signed by himself and family members.  Defendant offers no explanation why these affidavits could not been submitted earlier.  And the court also finds no indication that defendant's claims have merit; they are merely a rehashing of claims previously rejected by the court.  The court therefore finds that it is not in the interest of justice to transfer the case.  The court dismisses defendant's motion without prejudice.

Finally, Rule 11 of the Rules Governing Section 2255 Proceedings directs the court to issue or deny a certificate of appealability when it issues a final adverse order.  The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).  To the extent that a certificate of appealability is necessary in this case, the court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings.  For the reasons stated above, the court finds that defendant has not made a substantial showing of the denial of a constitutional right.  The court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's Petition to Alter or Amend Judgment Pursuant to the Federal Rule of Civil Procedure 59(e) (Doc. 87) is dismissed without prejudice as a second or successive § 2255 motion.

---

[1] The court ordinarily considers several factors in evaluating whether a transfer is in the interest of justice: (1) whether the claims would be time-barred; (2) the merits of the claims; and (3) the good faith of the filer.  *In re Cline*, 531 F.3d at 1251.  Because defendant's motion is merely seeking to re-raise claims addressed by the court or presenting new evidence (without demonstrating why it was newly-discovered at the time of filing), these factors have little relevance here.

-5-

**IT IS FURTHER ORDERED** that, to the extent that a ruling is necessary, the court denies a certificate of appealability as to this order.  The court further denies a certificate of appealability as to defendant's original § 2255 motion.

Dated this 9th day of March, 2016, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
